Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/14/2024
CT Log Number 545986283

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Texas**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SHELTON LORETTA // To: WALMART INC.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 215th Judicial District Court of Harris County, TX<br>Case # 202413999 |
| **NATURE OF ACTION:** | Personal Injury - 06/03/2022, Walmart in Harris County, Texas |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/14/2024 at 12:14 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration date of 20 days after service<br>(Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Husein Hadi<br>The Hadi Law Firm, PLLC<br>7100 Regency Square Blvd., Suite 140<br>Houston, TX 77036<br>832-433-7977 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/15/2024, Expected Purge Date: 03/20/2024<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | Please note Walmart address is not given in the document. |

EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/14/2024
CT Log Number 545986283

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Mar 14, 2024
**Server Name:** Kenneth Frechette

| | |
|---|---|
| Entity Served | WALMART INC. |
| Case Number | 202413999 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |

K. Frachetti
PSC13712
3.14.24

CAUSE NO. 202413999

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1024334

TRACKING NO: 74297012

| | |
|---|---|
| Plaintiff:<br>SHELTON, LORETTA<br>vs.<br>Defendant:<br>WALMART INC | In The 215th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: WALMART INC (FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on March 4, 2024 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on March 5, 2024, under my hand and seal of said court.

Issued at the request of:

Hadi, Husein
7100 REGENCY SQUARE BLVD, STE 140

HOUSTON, TX 77036
832-433-7977
Bar Number: 24067641

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANDRA LAWSON

**NO. ______________**

| | | |
|---|---|---|
| **LORETTA SHELTON** <br> **Plaintiff,** | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **V.** | § <br> § <br> § <br> § | **____ JUDICIAL DISTRICT** |
| **WALMART, INC.,** <br> **Defendant.** | § <br> § <br> § <br> § | **OF HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** LORETTA SHELTON, hereinafter called Plaintiff, complains of and about WALMART, INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Pursuant to the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

**PARTIES AND SERVICE**

2. Plaintiff, LORETTA SHELTON, is an individual who resides in Texas.

3. Defendant WALMART, INC., a foreign Corporation doing business in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections

5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the parties because Defendant, WALMART, INC., purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5. Plaintiff would show that Defendant, WALMART, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

6. Plaintiff would show that Plaintiff's cause of action against Defendant, WALMART, INC., arose from its continuous and systematic contacts with the State of Texas.

7. This Court has jurisdiction and venue is proper in El Paso County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and Tex. Ins. Code § 1952.110 in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## MISNOMER / ALTER EGO

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such as a "misidentification", "misnomer' and/or such parties are/were "alter egos" of parties

named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Furthermore, Plaintiff specifically invokes the right to institute this suit against whatever entity, entities, and persons which or who were conducting business using the assumed or common names of WALMART, INC., and any of their respective employers, principals, agents, representatives and/or employees. Plaintiff expressly invokes their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or the court.

## FACTS

9. On **June 03, 2022**, Plaintiff LORETTA SHELTON was at Walmart attempting to wash her hands and move towards the end of the sink facing the wall when she slipped on water on the floor and slid on her right leg. As a result of this incident, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals.

## LIABILITY OF DEFENDANT WALMART, INC.

10. At the time and on the occasion in question, Defendant WALMART, INC., managed, maintained, occupied, controlled, leased, operated, and/or owned WALMART, INC. In setting up and maintaining the store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

A. In failing to monitor the condition of the floor in the premises;

B. In failing to promptly monitor the floor area;

B. In failing to promptly keep the floor area clear;

C. In failing to properly train its employees;

D. In failing to warn others that a dangerous condition existed; and

E. In creating a hazard to others.

11. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

12. Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

**PREMISES LIABILTY**

13. Plaintiff LORETTA SHELTON was an invitee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk or harm to the general public, including Plaintiff, LORETTA SHELTON, but failed to inspect and make safe or adequately warn her of the condition.

14. In the alternative, Plaintiff would show that she was a licensee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk of harm to the general public, including Plaintiff LORETTA SHELTON, but failed to make safe or adequately warn her of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

**GROSS NEGLIGENCE BY DEFENDANTS**

15. Defendant's acts and/or omission set forth above constitute gross negligence under § 41.001(11) of TEX. Civ. Prac & Rem. Code because, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, each act and/or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Defendant's gross negligence was a proximate cause of the incident made the basis of this lawsuit.

**NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION**

16. Defendant negligently hired, supervised, trained, and retained its employees. As an employer, Defendant owed a duty to Plaintiff and the public to hire, supervise, train, and retain competent, professional employees. Defendant owed said duty to supervise and train its employees to ensure the public would be safe while they engaged in their duties. Defendant breached said duties and negligently permitted and/or encouraged its employees to negligently perform their duties as described herein.

17. Additionally, in the absence of Defendant's negligence, the incident would not have occurred. Defendant was also careless and negligent in the ownership and operation of its business which caused Plaintiff to suffer personal injury. Defendant's breach of said duties was, singularly or in combination with others, the proximate cause of the incident and Plaintiff's damages pled herein.

## PROXIMATE CAUSE

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF LORETTA SHELTON

19. As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff LORETTA SHELTON was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

i. The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

ii. The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

iii. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of verdict herein;

iv. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

v. Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

vi. The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

vii. Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

viii. The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

20. By reason of the above, Plaintiff, LORETTA SHELTON has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**PRESERVING EVIDENCE**

21. Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

**PRE-EXISTING CONDITION**

22. In the alternative, Plaintiff would show that if any injuries and/or conditions from which she currently suffers were pre-existing, then such conditions were aggravated, exacerbated, and/or made worse by the negligence of Defendant herein.

## SUBSEQUENT CONDITION

23. In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition, then such injury and or condition was aggravated and/or exacerbated by the negligence of Defendant herein.

## NOTICE OF USE

24. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

25. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

26. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff requests that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

27. Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seeks monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiffs is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, LORETTA SHELTON, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: ______________________

Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Sedrick Stagg
Texas Bar No. 24102815
Ahson B. Wali
Texas Bar No. 24106815
Seve Thomas
Texas Bar No. 24115145
Ariana Mehdipour

Texas Bar No. 24123765
Anita Mehdipour
Texas Bar No. 24126491
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel: (832) 433-7977
Fax: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: February 22, 2024**